IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mauricio E. Weber, #2010005151, | ) | C/A No. 8:13-2339-GRA-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| ~~S.C. Attorney General; John Skipper, Jr.;~~ Director of the Anderson County Detention Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

Mauricio E. Weber ("Petitioner"), proceeding *pro se*, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Plaintiff is a pretrial detainee incarcerated at the Anderson County Detention Center ("ACDC"), and he seeks release from custody. Plaintiff paid the full filing fee. On September 19, 2013, this Court granted Petitioner's Motion to Amend the § 2241 Petition [Doc. 17]. The Amended Petition is subject to summary dismissal.

Background

Petitioner alleges that he is facing charges of murder and possession of a weapon during commission of a violent crime in the Anderson County Court of General Sessions. Petition [Doc. 18]. He alleges that he is awaiting a trial date. *Id.* Petitioner signed the Petition on August 26, 2013, and it was filed in the Court on August 30, 2013. *Id.* Petitioner signed the Amended Petition on September 13, 2013. *Id.* The on-line court records from Anderson County Tenth Judicial Circuit Public Index reveal that Petitioner's

criminal charges are still pending.¹  *See* Anderson County 10th Judicial Circuit Public Index, http://www.publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (search "Mauricio Weber") (last visited September 20, 2013).

Petitioner alleges that his arrest warrants lacked probable cause because they were based on false affidavits, so he was illegally taken into custody. [Doc. 18]. Petitioner alleges he was indicted by a grand jury on both charges, but he alleges the indictments did not occur until January 11, 2013, whereas the indictments are falsely stamped with the date of December 14, 2010. *Id.* Thus, he alleges the indictments were not timely brought against him and are invalid. *Id.* Petitioner alleges many additional violations of his constitutional rights, and he asserts nineteen grounds for habeas relief (misnumbered as twenty) including: many allegations of ineffective assistance of counsel; the assistant solicitor is maliciously prosecuting the case and failed to disclose evidence; the evidence to be presented against him at trial is false; if his trial is held in the current venue, he will not receive an impartial jury; and, the state judge lacks impartiality. *Id.* Petitioner seeks immediate release from custody. *Id.*

### Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and

---

¹ This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

submit findings and recommendations to the district court. This Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the Petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Because the crux of the Amended Petition is an attempt to attack the pending state criminal proceedings against Petitioner and no extraordinary circumstances exist, this Court should not interfere with the pending state criminal proceedings. Ordinarily, federal habeas corpus relief for a state prisoner is available post-conviction. However, pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" *United States v. Tootle*,

65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). Generally though, "'an attempt to dismiss an indictment or otherwise prevent a prosecution'" is not attainable through federal habeas corpus. *Dickerson*, 816 F.2d at 226 (quoting *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Here, Petitioner is a pretrial detainee charged with two crimes, so clearly an ongoing state criminal proceeding exists. The second criteria has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The United States Supreme Court also addressed the third criteria in noting "'that ordinarily a pending state prosecution provides the accused a fair and

4

sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 903 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

To determine if extraordinary circumstances exist to justify pretrial federal interference with state proceedings, courts have looked to whether procedures exist which would protect a petitioner's constitutional rights without pretrial intervention. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975). Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstances are shown. *Id.*; *cf. Gilliam*, 75 F.3d at 904 (a colorable claim of a double jeopardy violation is one of the very few extraordinary circumstances justifying federal court intervention in a pending state criminal proceeding). In this case, Petitioner alleges many constitutional violations, but he should have the opportunity to assert his claims during the criminal proceedings to be held, or, later if he is convicted, during post-trial state proceedings. For example, Petitioner's allegations of invalid indictments and lack of probable cause, false evidence, and his alleged need for a change of venue, among other claims, may be raised during the trial proceedings. Further, his many claims of ineffective assistance of counsel may be raised during the trial proceedings or at least during post-trial proceedings. Petitioner does not allege any extraordinary circumstances to show that pretrial intervention would be appropriate. Because Petitioner can pursue his claims in state court both during and after trial, he fails to show that he has no adequate remedy at law and will suffer irreparable injury. *See Younger*, 401 U.S. at 43-44. Petitioner is, therefore, precluded from federal habeas relief at this time, and his Amended Petition should be dismissed.

## Recommendation

Accordingly, it is recommended that the § 2241 Amended Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. **Petitioner's attention is directed to the important notice on the next page.**

*/s/ Jacquelyn D. Austin*

Jacquelyn D. Austin
United States Magistrate Judge

September 23, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).