UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mauricio E. Weber, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Director of the Anderson County )<br>Detention Center, )<br>)<br>Respondent. )<br>_____ ) | C/A No.: 8:13-02339-GRA<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before this Court for review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation filed on September 23, 2013, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC. Petitioner Mauricio E. Weber ("Petitioner"), proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241 on August 28, 2013.[1] ECF No. 1.[2] Magistrate Judge Austin now recommends that the Petition be dismissed without prejudice and without requiring Respondent to file an answer or return. Report & Recommendation 6, ECF No. 26. Petitioner filed objections to the Report and Recommendation on October 9, 2013. Objections, ECF No. 33. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

---

[1] Prisoner petitions are deemed filed at the time they are delivered to prison authorities for mailing to the court clerk. *Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (emphasizing importance of objective indicia of delivery to alleviate need to "dispute a prisoner's assertions that he delivered the paper on a different date."). The envelope Petitioner used to file the § 2241 Petition does not display a prison stamp; rather, it is stamped "item x-rayed by USMS" in the South Carolina District Court on August 28, 2013. Pet'r's § 2241 Pet., ECF No. 1-10. However, the Magistrate Judge—following the docket sheet dates—stated that the petition was filed on August 30, 2013. Report & Recommendation 1, ECF No. 26. Accordingly, this Court finds that the § 2241 Petition was filed on August 28, 2013 and declines to adopt the portions of the Report and Recommendation that state an incorrect filing date.

[2] After an Order by this Court, ECF No. 17, Petitioner amended the petition for Writ of Habeas Corpus on September 19, 2013. *See* ECF Nos. 13 & 18.

**Standard of Review**

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). In the instant case, Petitioner timely filed objections to the Report and Recommendation on October 7, 2013. Objections, ECF No. 33.

## Discussion

Petitioner is a pre-trial detainee, and is being held at Anderson County Detention Center on state charges of murder and possession of a weapon during a crime of violence. Petitioner filed a forty-one page document with this Court, which consists of twenty-four pages of "objections" and seventeen pages of "new grounds." Objections, ECF No. 33. Most of the document rehashes Petitioner's initial assertions to the magistrate and simply relies in many places on the arguments contained in his § 2255 Petition. In addition, Petitioner's Objections consist largely of conclusory statements. For example, Petitioner objects generally to the manner in which the Clerk of Court has handled his case, including re-numbering the docket sheet and mailing documents to the Attorney General of the State of South Carolina. Objections 7–14, 16–24, ECF No. 33. This Court declines to address Petitioner's general and conclusory objections to the Report and Recommendation. *See Orpiano*, 687 F.2d at 48 ("Courts have also held *de novo* review to be unnecessary . .

. when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To the extent Petitioner raises cognizable and specific objections to the Magistrate Judge's Report and Recommendation, those objections are addressed below. Applying the requisite liberal standard to Petitioner's *pro se* objections, this Court finds that Petitioner objected to the following:

### 1. Federal Court Intervention in a Pending State Criminal Proceeding

The Supreme Court, in *Younger v. Harris,* 401 U.S. 37 (1971), held that, absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceedings. *Id.* at 44. Additionally, in *Cinema Blue of Charlotte, Inc. v. Gilchrist,* the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. 887 F.2d 49, 52 (4th Cir. 1989). Further, in *Bonner v. Circuit Ct. of St. Louis*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." 526 F.2d 1331, 1336 (8th Cir.1975); *see also D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Court of Mecklenburg County,* 411 F.2d 586, 587–88 (4th Cir.1969)

(federal courts may not issue writs of mandamus against state courts).

Petitioner objects to Magistrate Judge Austin's finding that "no extraordinary circumstances exist." Report & Recommendation 3, ECF No. 26. Petitioner believes that the circumstances of his case are "extraordinary," because his attorney "attempt[ed] to influence representatives of [Costa Rica] to take an adverse legal position against one of their nationals [and] den[ied] Petitioner private consultation with a representative of the Republic of Costa Rica." Objections 3–4, ECF No. 33. Also, Petitioner argues that the magistrate erred in interpreting his petition because the Report and Recommendation asserts that Petitioner concedes he was indicted on both charges by a grand jury. *Id.* at 4. In support of this objection, Petitioner largely restates his argument that "he was never formerly indicted/true billed by the grand jury . . . [and asserts that] the State of South Carolina literally kidnapped [him]." *Id.* at 6. Petitioner's challenge to the state court's subject matter jurisdiction rests on state law and may be raised during the trial proceedings. Recognizing that Petitioner is challenging the state court's jurisdiction, this Court finds that the "Background" Section of the Magistrate Judge's Report and Recommendation is not an admission by Petitioner to being legally indicted. Petitioner maintains that his pretrial confinement without "formal indictments by a grand jury is another example of extraordinary circumstances mandating federal interference." *Id.* at 7.

As indicated in the cases cited above, Petitioner is not foreclosed from raising claims of unconstitutionality in connection with state proceedings before Petitioner has been tried. This case does not involve extraordinary circumstances. Accordingly, this Court finds that the Magistrate Judge properly concluded that

Petitioner's circumstances do not warrant pretrial intervention. Moreover, to grant the injunctive relief Petitioner seeks, this Court would be required to enjoin the state prosecution, and, as stated above, this is not something we can do under *Younger* and its progeny.

### 2.    New Arguments

Petitioner raises new arguments in his Objections. Unlike other circuits, the Fourth Circuit has held, that as part of the district court's obligation to determine *de novo* any issue considered by the magistrate judge to whom a proper objection is made, the court must consider all arguments, regardless of whether they were raised before the magistrate judge. *See United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). Petitioner alleges violations of his constitutional rights and asserts six additional grounds for habeas relief including allegations that the state judges "knowingly and intentionally allowed Petitioner to remain without the assistance of counsel," and additional allegations of ineffective assistance of counsel. Objections 25–39, ECF No. 33. These allegations may be raised during the trial or post-trial proceedings. Further, Petitioner does not allege any extraordinary circumstances warranting pretrial intervention. Therefore, Petitioner is not entitled to federal habeas relief.

## Conclusion

After considering the record in this case and Petitioner's general and specific objections, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Habeas Corpus is hereby DISMISSED without prejudice. This Court declines to issue a certificate of appealability in this matter.[3]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

October 25, 2013
Anderson, South Carolina

---

[3] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473 (2003) (holding that, to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").